UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANTHONY JERDINE, | CASE NO. 1:07 CV 2984 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| WASHINGTON MUTUAL BANK fka WASHINGTON MUTUAL BANK, FA, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

On October 1, 2007, plaintiff pro se Anthony Jerdine filed this action against Washington Mutual Bank, Cuyahoga County Common Pleas Court Magistrate Judge Bridget McCafferty, and Cuyahoga County Sheriff Gerald T. McFaul. The complaint challenges a decision of the Cuyahoga County Court of Common Pleas concerning foreclosure and sale of real property on which Washington Mutual Bank holds the mortgage. For the reasons stated below, this action is dismissed.

United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483

n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing a case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates the his his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state

action. Id.; Tropf, 289 F.3d at 937.

In the present action, plaintiff directly attacks a state court's decision, and the action is clearly predicated on his belief that the state court was mistaken in rendering its decision against him. Any review of plaintiff's claims would require the court to review the specific issues addressed in the state court proceedings. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

In light of the foregoing, this action is appropriately subject to summary dismissal. Apple v. Glenn, 183 F.3d 477 (6th Cir. 1999); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988)(recognizing that federal question jurisdiction is divested by unsubstantial claims).

Accordingly, this action is dismissed.

IT IS SO ORDERED.


    S/Christopher A. Boyko
    CHRISTOPHER A. BOYKO
    UNITED STATES DISTRICT JUDGE

October 10, 2007